856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delores CHAMBERS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-1740.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1988.
 
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Delores Chambers (Chambers) appealed from the district court's entry of summary judgment in favor of the defendant-appellee Secretary of Health and Human Services (Secretary) in this action commenced to review the Secretary's denial of Chambers's application for supplemental security income (SSI) disability benefits. On May 28, 1966, in the course of her employment as a mail handler for the United States Postal Service, Chambers was struck by a steel mail cart and received injuries to her legs, head, neck and back. She has not been employed since that date, and received workers' compensation benefits from 1966 until 1983 when those benefits were terminated.
 
 
 2
 Chambers filed an application for SSI disability benefits on April 4, 1983 alleging disability due to back, neck, and leg injuries, and heart problems. The application was denied initially and upon reconsideration, and Chambers thereafter requested a hearing before an administrative law judge (ALJ), which hearing was held on March 23, 1984. The ALJ determined that Chambers's cervical and lumbar problems constituted a severe impairment, but that she was capable of performing a limited range of light work. Relying upon testimony given by a vocational expert at the hearing, the ALJ further concluded that a significant number of jobs existed which Chambers could perform and that she was not, therefore, disabled. The Appeals Council denied review, and on January 7, 1985 Chambers commenced the present action for judicial review of the Secretary's denial of benefits in the United States District Court for the Eastern District of Michigan.
 
 
 3
 Both parties moved for summary judgment, and the matter was referred to a magistrate who concluded that substantial evidence supported the ALJ's determination that Chambers was not disabled as of the date that the ALJ rendered his decision. The magistrate recommended, however, that Chambers be awarded benefits from the date of her 55th birthday, May 20, 1985, because on that date Chambers reached "advanced age" under the Secretary's regulations and would therefore be entitled to benefits. Chambers reached the age of 55 while this matter was pending before the district court.
 
 
 4
 Both parties filed objections to the magistrate's report and recommendation, and upon de novo review of those objections, the district court entered summary judgment in favor of the Secretary. The court determined that substantial evidence supported the Secretary's finding that Chambers was not disabled. The court further concluded that because it only had jurisdiction to review the Secretary's decision and because that decision did not concern Chambers' entitlement to benefits commencing on her 55th birthday, it was not empowered to award benefits as recommended by the magistrate. Chambers thereafter commenced this timely appeal.
 
 
 5
 Upon review of the record and the briefs of the parties herein, this court concludes that the ALJ's findings that Chambers was capable of performing a limited range of light work and that a significant number of jobs existed which she could perform are supported by substantial evidence. See 42 U.S.C. Sec. 405(g) (Secretary's findings are conclusive if supported by substantial evidence). See also Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Kinsella v. Schweiker, 708 F.2d 1058 (6th Cir.1983). The district court also properly determined that it only had authority to review the Secretary's decision and was not permitted to engage in de novo factfinding. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 184 (6th Cir.1986). The Secretary must, in the first instance, determine whether Chambers was disabled after her 55th birthday. Accordingly, the judgment of the district court that Chambers's was not disabled prior to her 55th birthday is AFFIRMED and the case is REMANDED to the Secretary to consider Chambers's application for SSI disability benefits commencing on May 20, 1985, the date upon which she attained her 55th birthday.